# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEMETRICUS JORDAN,** )<br>Petitioner, )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>Respondent. ) | CIVIL ACTION NO. 12-00446-KD<br><br>CRIMINAL ACTION NO. 10-00187-KD-N |

## ORDER

This action is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("the Petition") (Doc. 683[1]) filed by Petitioner Demetricus Jordan ("Jordan"), a federal prisoner proceeding *pro se*;[2] the Government's Response in opposition (Doc. 687); and Jordan's Rebuttal (Doc. 688) to the Response. Upon consideration, the Court finds that the Petition is due to be **DENIED**, that this action is due to be **DISMISSED with prejudice**, and that Jordan is not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.[3]

**I.  Analysis**

    **a.  Petition Claim**

Jordan, who pled guilty in his criminal action, moves to correct his sentence, alleging that his trial counsel misled him to believe that, in spite of his admission in his Plea Agreement (Doc.

---

[1] All docket citations refer to the docket of the criminal action.

[2] The Court abides by the Eleventh Circuit's directive that "courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney." E.g., Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989).

[3] As "the motion and the files and records of the case conclusively show that [Jordan] is entitled to no relief," 28 U.S.C. § 2255(b), the Court finds that an evidentiary hearing is not warranted under § 2255(b) and Rule 8 of the Federal Rules Governing Section 2255 Cases in the United States District Courts.

285) and at his guilty plea colloquy (Doc. 685) to involvement in 1.1 kilograms of cocaine, he could argue a different quantity of drugs at his sentencing hearing. For the reasons set forth in the Government's response (Doc. 687), which the Court **ADOPTS** as its own reasoning,[4] the Court finds that Jordan is due no relief on the sole claim in the Petition. Specifically, Jordan has failed to show (or even allege) that he would have not pleaded guilty but for counsel's alleged error. Therefore, the Court finds that Jordan's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 683) is due to be **DENIED** and this action **DISMISSED with prejudice**.

b. **Certificate of Appealability**

Pursuant to Rule 11(a) of the Federal Rules Governing § 2255 Proceedings, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). "[A] COA does not require a showing that the appeal will succeed." Miller-El v. Cockrell, 537 U.S. 322, 337 (2003). Rather, "[a] prisoner seeking a COA must prove something more than the

---

[4] A district court may incorporate a party's arguments to serve as its explanation for its ruling, so long as those arguments, in conjunction with the record, provide the Court of Appeals an opportunity to engage in meaningful review. See United States v. Valencia-Trujillo, 462 F. App'x 894, 897 (11th Cir. 2012) ("District court orders 'should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review.' Danley v. Allen, 480 F.3d 1090, 1090, 1091 (11th Cir. 2007). That principle, however, does not prohibit a district court from incorporating a party's arguments as the basis and explanation for its ruling. Valencia–Trujillo's motion and the government's response, as well as the exhibits and attachments submitted to the district court, provide a sufficient basis for our review of the merits in this case."); 11th Cir. R. 36-2 (effective Dec. 1, 2013) ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). The Court finds that the Government's Response (Doc. 687) is quite sufficient in this regard.

absence of frivolity or the existence of mere good faith on his or her part. [The Court] do[es] not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 338 (internal citation and quotations omitted). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Upon consideration, the Court finds that no reasonable jurist would find its assessment of the constitutional claims presented debatable or wrong. Accordingly, Jordan is not entitled to a Certificate of Appealability in this action.

### c. Appeal *in forma pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). See also Weaver v. Patterson, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), report and recommendation adopted, Civ. A. No. 11-00152-WS-N, 2012

WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); see Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); DeSantis v. United Techs, Corp., 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993)."). But see, e.g., United States v. McCray, No. 4:07CR20-RH, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Upon consideration, the Court finds and certifies that any appeal by Jordan in this action would be without merit and therefore not taken in good faith. Accordingly, Jordan is not entitled to appeal *in forma pauperis*.

## II.     Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that Jordan's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 683) is **DENIED** and that

this action is **DISMISSED with prejudice**. It is further **ORDERED** that Jordan is not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

Final judgment in accordance with this Order and Federal Rule of Civil Procedure 58 shall issue by separate document.[5]

**DONE** and **ORDERED** this the **24**th day of **February 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[5] See Sassoon v. United States, 549 F.2d 983, 984 (5th Cir. 1977) ("The time limits of Rule 4(a) [of the Federal Rules of Appellate Procedure ]run from the entry of the judgment or order appealed from. In the other contexts in which Rule 4(a) applies, Fed. R. Civ. P. 58 ordinarily dictates when a judgment can be considered effective, and the application of Rule 58 to section 2255 cases consequently seems appropriate as well."); United States v. Johnson, 254 F.3d 279, 283-85 (D.C. Cir. 2001) ("Several of our sister circuits have applied Rule 58 to § 2255 proceedings. Only the Second Circuit has declined to do so . . . We find ourselves in agreement with the bulk of the circuits and in disagreement with the Second . . . We therefore follow Rule 11's express direction to apply FRAP 4(a) to § 2255 appeals, and then follow FRAP 4(a)'s equally clear direction to apply Federal Rule of Civil Procedure 58 to determine when a judgment is entered and hence when the time for appeal begins.").